FIRST CAUSE OF ACTION

FOR FRAUD UNDER COMMODITY

FUTURES MODERNIZATION ACT OF 2000

7 U.S.C. § 6b

(AGAINST ALL DEFENDANTS)

28. Plaintiff incorporates herein by reference  Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. The Suppressed Facts and the MORONI suppressed fact, were material facts of import to CRONIN in his decisions and of which he was ignorant. These facts were suppressed by Defendants, despite their obligation to disclose them, with the intent to defraud CRONIN and with the intent to induce him to act in ignorance thereof. The Initial Misrepresentations, the MORONI Misrepresentations, and the WALES Misrepresentations were made with the intent to defraud CRONIN and with the intent to induce him to act thereon and were false and Defendants knew they were false. The true facts were, among others, those reflected in the facts that were suppressed and the fact that WALES was one of the worst account representatives at MONEX who did not have CRONIN's interest at heart, but was instead assigned to the account for the specific purpose of causing CRONIN to lose his investments and to preclude him from realizing his profits. Plaintiff is further informed and believes that WALES did not believe that the price of silver would increase at the time he so represented and warranted to CRONIN. In addition, the Futures Contract and all Futures Transactions emanating therefrom, are contracts for purchase and sale of a

commodity for future delivery within the meaning of 7 U.S.C. § 6(a)
requiring Defendants to comply with the registration requirements
of 7 U.S.C. § 6(a). Defendants entered the Futures Contract and
made the Futures Transactions thereunder in violation of 7 U.S.C.
§ 6(a), all pursuant to their conspiracy. Accordingly, the Futures
Contract and all Futures Transactions thereunder are illegal off-
exchange contracts.

30. CRONIN acted in ignorance of the facts that were suppressed
and believed the representations and justifiably relied thereon.
Had CRONIN known the true facts CRONIN would not have entered into
the Futures Contract and would not have entered the Futures
Transactions and would, instead, have made investments in the
futures market with a legitimate company. Had CRONIN known the true
facts with regard to the MORONI Misrepresentations and Suppression
and the WALES Misrepresentations he would not have terminated his
"short" transactions.

31. Plaintiff is informed  and  believes  that Defendants,
pursuant to their conspiracy, desired that the Futures Contract and
the Futures Transactions appear to be legitimate to CRONIN so as to
gain his trust and confidence with the intent that he would invest
substantial sums in short contracts with the intent of realizing a
large return and then utilized the MORONI Misrepresentations and
Suppression and the WALES Misrepresentations to cause CRONIN to
abandon the "short" transactions. Plaintiff is informed and
believes that in addition to causing CRONIN to lose in excess of
$1.3 million of the dollars that he had invested, which Plaintiff

1   is informed and believes enriched Defendants, that Defendants were
2   also able to enrich themselves with the $4 - $5 million dollars in
3   profits that CRONIN would have realized had he not terminated his
4   "short" positions.
5
6       32. The foregoing fraud exercised by Defendants in connection
7   with the Futures Contract and the Futures Transactions were
8   violations of 7 U.S.C. § 6b. In addition to their culpability
9   pursuant to the conspiracy, Defendants are also all responsible for
10  said violations under 7 U.S.C. § 13c by reason of the fact that
11  each of the Defendants wilfully aided and abetted each of the other
12  Defendants in the commission of said violations.
13
14      33. As a proximate result of said violations Defendants have
15  caused Plaintiff to be damaged in an amount in excess of $6.3
16  million and according to proof together with interest thereon at
17  the legal rate of 10% per annum.
18
19                      SECOND CAUSE OF ACTION
20                  CALIFORNIA COMMON LAW FRAUD
21                    (AGAINST ALL DEFENDANTS)
22
23      34. Plaintiff incorporates herein by reference Paragraphs 1
24  through 31, inclusive, as if fully set forth herein.
25
26      35. As a proximate result of said fraud Defendants have caused
27  Plaintiff to be damaged in an amount in excess of $6.3 million and
28  according to proof together with interest thereon at the legal rate

                              - 16 -

1  of 10% per annum.

2

3      36. In doing the acts alleged herein, and by reason  of  the

4  facts and circumstances alleged herein, Defendants, and each of

5  them, acted with oppression, fraud, and malice towards Plaintiff,

6  entitling Plaintiff to an award of punitive damages in an amount in

7  excess of $24 million and according to proof.

8

9                    **THIRD CAUSE OF ACTION**

10                    **BREACH OF CONTRACT**

11                    **(AGAINST ALL DEFENDANTS)**

12

13      37. Plaintiff incorporates herein by reference Paragraphs 1 -

14  31, inclusive, of this Complaint as if fully set forth herein.

15

16      38. As alleged above,  Plaintiff  and  Defendant MONEX entered

17  into the Futures Contract and pursuant to that contract entered

18  into various Futures Transactions which were controlled by the same

19  terms set forth in the Futures Contract.

20

21      39. Plaintiff has performed all  obligations  required  of it

22  under said contract and said transactions.

23

24      40. MONEX breached the agreement with Plaintiff pursuant to the

25  conspiracy alleged above by, among other things, providing through

26  WALES a purported account strategy that was intended to fail, by

27  providing  an  account  representative  that  did  not  have  the

28  experience and sophistication promised, by failing to provide a

seller from which CRONIN could buy the bars to cover short transaction sales and failing to disclose to CRONIN that MONEX did not want to do so, and by taking acts, and making statements and representations that were calculated to deprive CRONIN of the benefit of his bargain.

41. As a proximate result of said breaches Plaintiff has been damaged in an amount in excess of $6.3 million and according to proof together with interest thereon at the legal rate of 10% per annum and according to proof.

**FOURTH CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION**

**(AGAINST ALL DEFENDANTS)**

42. Plaintiff incorporates herein by reference paragraphs 1 through 27 of this Complaint as if fully set forth herein.

43. Plaintiff alleges, in the alternative, that the MORONI Misrepresentations, and the WALES Misrepresentations were made with the intent to induce CRONIN to act thereon and were false and Defendants made such representations with no reasonable ground for believing them to be true. The true facts were those reflected in the facts that were suppressed and the fact that WALES was one of the worst account representatives at MONEX who did not have CRONIN's interest at heart, but was instead assigned to the account for the specific purpose of causing CRONIN to lose his investments and to preclude him from realizing his profits. Plaintiff is

1  further informed and believes that WALES had no reasonable ground

2  to believe that the price of silver would increase at the time he

3  so represented and warranted to CRONIN.

4

5      44. CRONIN believed the representations and justifiably relied

6  thereon. Had CRONIN known the true facts CRONIN would not have

7  terminated his "short" transactions.

8

9      45. As a consequence of said misrepresentations and his

10  reliance thereon Plaintiff lost in excess of $1.3 million of the

11  dollars that he had invested and is further informed and believes

12  that he lost $4 - $5 million dollars in profits that he would have

13  realized had he not been defrauded but for Defendants'

14  representations.

15

16      46. Accordingly, Defendants have caused Plaintiff to be

17  damaged in an amount in excess of $6.3 million and according to

18  proof together with interest thereon at the legal rate of 10% per

19  annum.

20

21      47. In doing the acts alleged herein Defendants, and each of

22  them, acted with a wilful or conscious disregard of the rights of

23  Plaintiff, entitling Plaintiff to punitive damages in an amount in

24  excess of $24,000,000 and according to proof.

25

26

27

28

# FIFTH CAUSE OF ACTION

## CONSTRUCTIVE FRAUD

### (AGAINST ALL DEFENDANTS)

48. Plaintiff incorporates by reference paragraphs 1 - 31, inclusive, of this Complaint as if fully set forth herein.

49. By reason of the facts alleged hereinabove, including the entry of the Futures Contract and the representations of Defendants to Plaintiff, either a fiduciary relationship or a confidential relationship in which Plaintiff placed trust and confidence in the integrity and fidelity of Defendants was formed between Plaintiff and Defendants.

50. By reason of said relationship Defendants, and each of them, had a duty not to gain any advantage over Plaintiff by misleading him to his prejudice. Thus, Defendants had an obligation of full and honest disclosure of all material facts known to Defendants with regard to the Futures Contract and the Futures Transactions.

51. Defendants breached that duty to Plaintiff's prejudice through the acts, statements, and suppressions of fact alleged hereinabove.

52. As a proximate result of said constructive fraud, Defendants have caused Plaintiff to be damaged in an amount in excess of $6.3 million and according to proof together with

interest thereon at the legal rate of 10% per annum.

53. In doing the acts alleged herein, and by reason of the facts and circumstances alleged herein, Defendants, and each of them, acted with oppression, fraud, and malice towards Plaintiff and/or acted with wilful disregard for the rights of Plaintiff, entitling Plaintiff to an award of punitive damages in an amount in excess of $24 million and according to proof.

## SIXTH CAUSE OF ACTION
### COMMON COUNT FOR
### MONEY HAD AND RECEIVED
### (AGAINST ALL DEFENDANTS)

54. Plaintiff incorporates herein paragraphs 1 through 31 and 53 of this Complaint as if fully set forth herein.

55. Within the last two years, in Orange County, California, Defendants, and each of them, became indebted to Plaintiff in a sum, the exact amount of which is currently unknown, but which is believed to be in excess of $6.3 million, and according to proof, for money had and received by Defendants for the use and benefit of Plaintiff.

56. Neither the whole, nor any part, due to Plaintiff by Defendants, as alleged herein, has been paid, and there is now due, owing, and unpaid from Defendants, and each of them, to Plaintiff a sum in excess of $6.3 million and according to proof together

with interest thereon at the legal rate of 10% per annum and according to proof.

WHEREFORE, Plaintiff prays judgment against all Defendants, and each of them, as follows:

### ON THE FIRST AND THIRD
### CAUSES OF ACTION

1. For damages in an amount in excess of $6.3 million and according to proof, together with interest thereon at the legal rate of 10% per annum and according to proof.

### ON THE SECOND, FOURTH,
### FIFTH AND SIXTH
### CAUSES OF ACTION

1. For damages in an amount in excess of $6.3 million and according to proof, together with interest thereon according to proof.

2. For punitive damages in excess of $24,000,000 and according to proof.

### ON ALL CAUSES OF ACTION

1. For costs of suit, including reasonable attorney fees to any extent allowed by law.

2.   For such other and further relief as the court deems just and proper.


Dated: November 14, 2008                    JOHNSON AND ASSOCIATES

                                            By:
                                               Einar Wm. Johnson
                                               Attorneys For Plaintiff
                                               DARTY CRONIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV08- 1297 DOC  (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[_] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[_] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Einar Wm. Johnson, Bar No. 111105   (310) 783-0035
JOHNSONS AND ASSOCIATES
2370 West Carson St., Suite 141
Torrance, California 90501

Attorneys for Plaintiff DARTY CRONIN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DARTY CRONIN,

PLAINTIFF(S)

v.

MONEX DEPOSIT COMPANY, a California
limited partnership, LOUIS CARABINI, MICHAEL
CARABINI, MIKE MORONI, DAVID GALA,
DAN J. C. WALES, AND DOES 1 - 200

DEFENDANT(S).

CASE NUMBER

**SACV 08-01297 DOC (MLGx)**

**SUMMONS**

TO:   DEFENDANT(S): <u>MONEX DEPOSIT COMPANY, a Califor</u>nia limited partnership, LOUIS
CARABINI,    MICHAEL CARABINI,   MIKE MORONI,   DAVID GALA, DAN J. C. WALES,
   A lawsuit has been filed against you.   AND DOES 1 - 200

        Within __20__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, <u>Einar Johnson/Johnson And Associates</u>, whose address is
<u>2370 West Carson St., Suite 141, Torrance, California 90501</u>. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___NOV 1 4 2008___

By: ___N. Boermans___
        Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Darty Cronin

**DEFENDANTS**
Monex Deposit Company, a California limited partnership, Louis Carabini, Michael Carabini, Mike Moroni, David Gala, Dan J. C. Wales, and Does 1 through 200

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Einar Johnson, Johnson And Associates, 2370 West Carson St., Suite 141, Torrance, California 90501 (310) 783-0035

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   **☑ MONEY DEMANDED IN COMPLAINT:** $ $6,300,000 plus and punitives

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
7 U.S.C. Section 1, et seq - - action for fraud re commodities futures

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:    **SACV 08-01297 DOC (MLGx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No    Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                      ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                      ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                      ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER) _____   Date  11/14/08

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |