1  PISTONE & WOLDER, LLP
   THOMAS A. PISTONE, SBN 77774
2  AARON C. WATTS, SBN 246095
   2020 Main Street, Suite 900
3  Irvine, California 92614-8203
   Telephone: (949) 622-8980
4  Facsimile: (949) 622-8985

5  Attorneys for Defendants Monex Deposit Company,
   Louis Carabini, Michael Carabini, Mike Moroni,
6  David Gala, and Daniel J. C. Wales

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  DARTY CRONIN,                        )  CASE NO. SACV 08-01297 DOC (MLGx)
                                         )
12            Plaintiff,                 )  Assigned to Judge David O. Carter
                                         )
13  v.                                   )  **MEMORANDUM OF POINTS AND**
                                         )  **AUTHORITIES IN SUPPORT OF**
14  MONEX DEPOSIT COMPANY, a California  )  **MOTION TO COMPEL ARBITRATION**
    limited liability partnership; LOUIS )  **AND FOR AN ORDER STAYING THIS**
15  CARABINI; MICHAEL CARABINI; MIKE     )  **ACTION**
    MORONI; DAVID GALA; DAN J. C. WALES; )
16  and DOES 1 - 200,                    )  **Date:    February 2, 2009**
                                         )  **Time:    8:30 a.m.**
17            Defendants.                )  **Dept.:   9-D**
                                         )
18                                       )  Discovery Cut Off:      None
                                         )  Motion Cut Off:         None
19                                       )  Trial Date:             None
                                         )
20                                       )  Complaint Filed: November 14, 2008
                                         )
21

22       Defendants MONEX DEPOSIT COMPANY, LOUIS CARABINI, MICHAEL

23  CARABINI, MIKE MORONI, DAVID GALA, and DAN J. C. WALES (collectively

24  "Defendants") hereby submit the following Memorandum of Points and Authorities in support of

25  their Motion to Compel Arbitration and for an Order Staying this Action:

26  //

27  //

28

_____
                  MEMORANDUM OF POINTS AND AUTHORITIES

**I.**

**INTRODUCTION**

Defendants are in the business of buying and selling precious metals.  The Plaintiff in this action entered into two written account agreements with Defendant MONEX DEPOSIT COMPANY ("Monex") (hereinafter referred to as the "Atlas Account Agreements"), for the purposes of buying, selling and borrowing precious metals.  In his Complaint, Plaintiff has alleged, among other things, that he was damaged as a result of alleged representations made by Defendants when they purchased precious metals pursuant to the Atlas Account Agreements.  All of Plaintiff's claims, without exception, arise out of Plaintiff's contractual relationship with Monex.

The Atlas Account Agreements, which consist of both a Purchase and Sale Agreement and a Loan, Security, and Storage Agreement, each state that **"[t]he parties agree that any and all disputes, controversies, claims, or controversies arising out of or relating to any transaction between them or to the breach, termination, enforcement, interpretation, or validity of this Agreement … shall be submitted to final and binding arbitration before JAMS, or its successor, in Orange County."** [See Exhibit "1" to Kochen Decl. at ¶ 15.11(a); see also Exhibit "2" to Kochen Decl. at ¶ 31.1].

The Atlas Account Agreements expressly extend the arbitration of claims requirement to all claims by Plaintiff against affiliates of Monex. [See Exhibit "1" to Kochen Decl. at ¶ 15.11(b); see also Exhibit "2" to Kochen Decl. at ¶ 31.2].  It is undisputed that the remainder of the individually named defendants in this action are affiliates of Monex.

On December 4, 2008, Plaintiff filed this lawsuit, asserting six causes of action against Defendants, all arising out of trades that Plaintiff made with Monex pursuant to the Atlas Account Agreements.  Accordingly, Plaintiff's claims are subject to his agreement to arbitrate.  Defendants' attorneys requested that Plaintiff's counsel submit these claims to arbitration, to no avail.  Defendants promptly filed this motion.

PISTONE & WOLDER, LLP
A LIMITED LIABILITY PARTNERSHIP
2020 MAIN STREET, SUITE 900
IRVINE, CALIFORNIA 92614-8203
TELEPHONE: (949) 622-8980

**II.**

**ARGUMENT**

A.    AGREEMENTS TO ARBITRATE ARE PRESUMPTIVELY ENFORCEABLE.

9 U.S.C. §4 states in relevant part:

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."

The Federal Arbitration Act establishes a federal policy favoring arbitration of disputes. See Shearson/American Express, Inc. v. McMahon (1987) 482 US 220, 226; see also Kuehner v. Dickinson & Co. (9th Cir. 1996) 84 F.3d 316, 319.  In ruling on a motion to compel arbitration, the court may inquire only as to whether: (1) there is an agreement to arbitrate; (2) there are arbitrable claims; and (3) there has been a waiver of the right to arbitrate by the moving party or other defense to arbitration.  See Daisy Mfg. Co., Inc. v. NCR Corp. (8th Cir. 1994) 29 F.3d 389, 392; see also Chiron Corp. v. Ortho Diagnostic Systems, Inc. (9th Cir. 2000) 207 F3d 1126, 1130.

Similarly, the California Arbitration Act provides that "[a] written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for revocation of any contract." Cal. Civ. Proc. Code § 1280 et. seq.  California law also provides that "the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists." Cal. Civ. Proc. Code § 1281.2; see also Slaught v. Bencomo Roofing Co.

PISTONE & WOLDER, LLP
A LIMITED LIABILITY PARTNERSHIP
2020 MAIN STREET, SUITE 900
IRVINE, CALIFORNIA 92614-8203
TELEPHONE: (949) 622-8980

1    (1994) 25 Cal. App. 4th 744, 748 (reversing order denying petition to compel arbitration).  It has

2    been long held that "in California, arbitration is strongly favored as a speedy and inexpensive

3    method of dispute resolution."  Macaulay v. Norlander (1992) 12 Cal. App. 4th 1, 6.  Accordingly,

4    an Application for an Order Compelling Arbitration "should be granted unless it may be said with

5    positive assurance that the arbitration clause is not susceptible of an interpretation that covers the

6    asserted dispute."  Cione v. Foresters Equity Services, Inc. (1997) 58 Cal. App. 4th 625, 642.

7    Accordingly, any doubts or ambiguity concerning the existence or applicability of an arbitration

8    agreement to a particular dispute should be settled in favor of arbitration.  Id.; see also Vianna v.

9    Doctors Management (1994) 27 Cal. App. 4th 1186, 1189; see also Hayes Children Leasing Co. v.

10   NCR Corp. (1995) 37 Cal. App. 4th 775, 788.

11   **B.**     **PLAINTIFF SHOULD BE COMPELLED TO ARBITRATE HIS CLAIMS.**

12       As is set forth above, Paragraph 15.11(a) of the Purchase and Sale Agreement and

13   Paragraph 31.1 of the Loan, Security, and Storage Agreement specifically provides that:

14         "The parties agree that any and all disputes, claims or controversies arising

15         out of or relating to any transaction between them or to the breach,

16         termination, enforcement, interpretation or validity of this Agreement,

17         including the determination of the scope or applicability of this agreement

18         to arbitrate, shall be submitted to final and binding arbitration before

19         JAMS, or its successor, in Orange County, California, in accordance with

20         the laws of the State of California for agreements made in and to be

21         performed in California (including, without limitation, the California

22         Arbitration Act)."

23       Paragraph 15.11.b. of the Purchase and Sale Agreement and Paragraph 31.1 of the Loan,

24   Security, and Storage Agreement states that:

25         "All partners of [Monex] and their officers and directors, and all

26         employees, representatives, agents and affiliates of [Monex], past present

27         or future, are parties to this arbitration agreement to the extent they are

28

PISTONE & WOLDER, LLP
A LIMITED LIABILITY PARTNERSHIP
2020 MAIN STREET, SUITE 900
IRVINE, CALIFORNIA 92614-8203
TELEPHONE: (949) 622-8980

PISTONE & WOLDER, LLP
A LIMITED LIABILITY PARTNERSHIP
2020 MAIN STREET, SUITE 900
IRVINE, CALIFORNIA 92614-8203
TELEPHONE: (949) 622-8880

1  named as respondents in any dispute, claim or controversy subject to this

2  Agreement."

3      Here, the arbitration provision found in the Atlas Account Agreements require arbitration

4  for **"any and all disputes, claims, or controversies arising out of or relating to any**

5  **transaction between them or to the breach, termination, enforcement, interpretation or**

6  **validity of this Agreement."**  [See Exhibit "1" to Kochen Decl. at ¶ 15.11(a); see also Exhibit

7  "2" to Kochen Decl. at ¶ 31.1].  Courts have recognized this arbitration language as "the broadest

8  language the parties could reasonably use to subject their disputes" to arbitration.  Fleet Tire Serv.

9  of North Little Rock v. Oliver Rubber Co. (8th Cir. 1997) 118 F.3d 619, 621; see also Metaclad

10  Corp. v. Ventana Envtl. Organizational P'ship (2003) 109 Cal. App. 4th 1705, 1712 (finding that a

11  clause stating " [a]ny controversy or claim arising out of or relating to this contract" has a "wide

12  breadth"); Prima Paint Corp. v. Flood & Conklin Mfg. Co. (1967) 388 U.S. 395, 398 (recognizing

13  as "broad" a clause requiring arbitration of "[a]ny controversy or claim arising our of or relating

14  to" the agreement).  This long recognized and judicially approved language fairly and clearly

15  encompasses all the allegations contained in Plaintiff's Complaint regarding his relationship with

16  Defendants, his investments, his asserted damages and Defendants' alleged improper actions, as

17  further discussed below.

18      The eight causes of action in Plaintiff's Complaint can be grouped into two categories: (i)

19  allegations of fraud and deceit related to alleged misleading representations and/or suppression of

20  key facts regarding the precious metals market, arising out of Plaintiff's interactions with Monex

21  representatives; and (ii) allegations that Monex breached the terms and conditions set forth in the

22  Atlas Account Agreements.  All of Plaintiff's claims arise or are related to the contractual

23  relationship embodied in the Atlas Account Agreements, which Plaintiff executed on June 20,

24  2007, as none of the alleged "fraudulent" trades would have taken place had the agreement not

25  been consummated. Furthermore, it is undisputed that Defendants Mike Moroni, David Gala, Dan

26  J. C. Wales, were and are *agents, representatives or employees* of Monex, and that Defendants

27  Louis Carabini and Michael Carabini, were and are also *agents, representatives, or employees* of

28  Monex.  In this regard, pursuant to that agreement, Plaintiff's claims must be arbitrated.

PISTONE & WOLDER, LLP
A LIMITED LIABILITY PARTNERSHIP
2020 MAIN STREET, SUITE 900
IRVINE, CALIFORNIA 92614-8203
TELEPHONE: (949) 622-8980

1  **C.   THIS ENTIRE ACTION MUST BE STAYED PENDING THE RESOLUTION OF**

2  **BINDING ARBITRATION BETWEEN THE PARTIES**

3  9 U.S.C. §3 states:

4  "If any suit or proceeding be brought in any of the courts of the United

5  States upon any issue referable to arbitration under an agreement in

6  writing for such arbitration, the court in which such suit is pending, upon

7  being satisfied that the issue involved in such suit or proceeding is

8  referable to arbitration under such an agreement, shall on application of

9  one of the parties stay the trial of the action until such arbitration has been

10  had in accordance with the terms of the agreement, providing the applicant

11  for the stay is not in default in proceeding with such arbitration."

12  As demonstrated above, each and every claim asserted by Plaintiff in this action, without

13  exception, is fully subject to the arbitration provisions of the Agreements.  "If the issues in a case

14  are within the reach of the agreement, the district court has no discretion under [9 U.S.C.]

15  section 3 to deny the stay." Hornbeck Offshore (1984) Corp. v. Coastal Carriers Corp. (5th Cir.

16  1993) 981 F.2d 752, 754.  Therefore, this action *must* be stayed pending a resolution of these

17  claims by arbitration before JAMS, as required by the Agreements.

18  Any argument Plaintiff may make that his claims based on federal statute should not be

19  stayed pending arbitration must fail as a matter of law.  It is well settled that arbitration

20  agreements should be enforced even where a plaintiff has asserted statutory claims.

21  Shearson/American Express, Inc. v. McMahon (1987) 482 U.S. 220, 227.  Thus, even Plaintiff's

22  First Cause of Action, premised upon an alleged violation of the Commodity Futures

23  Modernization Act of 2000, is subject to the arbitration requirements of the Agreements.  See

24  Green Tree Financial Corp. - Alabama v. Randolph (2000) 531 U.S. 79, 90.

25  \\

26  \\

27  \\

28  \\

**III.**

**CONCLUSION**

For the reasons set forth above, Defendants MONEX DEPOSIT COMPANY, LOUIS CARABINI, MICHAEL CARABINI, MIKE MORONI, DAVID GALA, and DAN J. C. WALES hereby respectfully request this Court to order Plaintiff to arbitrate his claims and to stay all further proceedings in this action pending binding arbitration before JAMS, consistent with the terms of the Atlas Account Agreements.

Dated:  December 23, 2008

PISTONE & WOLDER, LLP

By:  _THOMAS A. PISTONE_
THOMAS A. PISTONE
Attorneys for Defendants Monex Deposit Company,  Louis Carabini, Michael Carabini, Mike Moroni,  David Gala, and Daniel J. C. Wales

F:\Client Matters\Monex\cronin\pleadings\Motion to Compel Arb - P&A.wpd

**PISTONE & WOLDER, LLP**
A LIMITED LIABILITY PARTNERSHIP
2020 MAIN STREET, SUITE 900
IRVINE, CALIFORNIA 92614-8203
TELEPHONE: (949) 622-8980

PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           )   ss:
COUNTY OF ORANGE           )

I am employed in the County of Orange, State of California, at the law firm of **PISTONE & WOLDER, LLP** (2020 Main Street, Suite 900, Irvine, California 92614-8203).  I am over the age of 18 and not a party to the within action.

On December 23, 2008, I served, in the manner indicated below, the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND FOR AN ORDER STAYING THIS ACTION** on the interested parties to this action as follows:

Einar Wm. Johnson
Johnson and Associates
Santa Fe Business Park
2370 West Carson Street, Suite 141
Torrance, CA 90501
Telephone: (310) 783-0035
     *Attorney for Plaintiff, DARTY CRONIN*

☒   (BY REGULAR MAIL)  I caused such envelope(s) to be deposited in the United States mail at Irvine, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day, and that practice was followed in the ordinary course of business for the service herein attested to. [C.C.P. Section 1013(a)(3)]

☐   (BY PERSONAL SERVICE)  I caused such envelope(s) to be delivered by hand to the offices of the parties listed in the Service List.

☐   (VIA FACSIMILE SERVICE)  I caused the above document to be served via facsimile transmission by serving the parties listed in the Service List at the facsimile numbers listed with their names.

☐   (BY OVERNITE EXPRESS)  I caused such envelope(s) to be deposited in the Overnite Express depository at Irvine, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with Overnite Express each day, and that practice was followed in the ordinary course of business for the service herein attested to.         [C.C.P. Section 1013(a)(3)]

I declare under penalty of perjury under the laws of the State of California that all the foregoing is true and correct.

Executed on December 23, 2008, at Irvine, California.

_____
Sara L. Gonzalez, Declarant

**PISTONE & WOLDER, LLP**
A LIMITED LIABILITY PARTNERSHIP
2020 MAIN STREET, SUITE 900
IRVINE, CALIFORNIA 92614-8203
TELEPHONE: (949) 622-8980